RUCKER, J.,
Concurring in result.
Largely for reasons the majority explains I agree “the rationale of Stanley v. Walker applies equally to reimbursements by government payers.” Op. at 1027 (emphasis added). I write separately however because I continue to believe Stanley was wrongly decided. See generally 906 N.E.2d at 856, 860-867 (Dickson, J., dissenting opinion in which Rucker, J., concurred). More to the point, Indiana’s collateral source statute could not be any clearer. It precludes admission into evidence of, among other things, “payments made by: i) the state or the United States; or ii) any agency, instrumentality, or subdivision of the state or the United *1034 States;...” Ind.Code § 34-44-l-2(c). Payments ■ made by HIP—a federaVstate government program—unquestionably fall within this prohibition. A contrary reading endorsed by Stanley and reaffirmed today simply cannot be reconciled with the collateral source statute.
Nonetheless neither party nor their, aligned amici asks us to reconsider Stanley. And importantly, in the years since Stanley was decided, the legislature has not amended the collateral source statute in a way that demonstrates disapproval with this Court’s judicial interpretation. Further, the landscape in the healthcare industry has not changed dramatically since Stanley was decided and thus our doctrine of stare decisis also militates against charting a different course. For these reasons I concur in the result reached by the majority.
DAVID, J., concurs.